UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRON EMBERY,

       Petitioner,                               Hon. Wendell A. Miles

v.                                                   Case No. 4:05-CV-142

KENNETH McKEE,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Embery's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Embery's petition be **denied**.

## BACKGROUND

On March 24, 2004, Petitioner pleaded guilty to armed robbery. (Plea Transcript, March 24, 2004, 3-10). Petitioner was sentenced to serve 9-30 years in prison. (Sentencing Transcript, April 6, 2004, 8). Petitioner appealed his conviction to the Michigan Court of Appeals asserting the following claims:

    I.    The scoring of points under the sentence guidelines
         for offense variable 4 - psychological injury to victim
         - is reversible as plain error or ineffective assistance

1

      of counsel.

II.      The scoring of points under the sentence guidelines for offense variable 7 - aggravated physical abuse - is reversible error.

III.      The scoring of points under the sentence guidelines for offense variable 10 - exploitation of a vulnerable victim - is reversible error.

IV.      Defendant is entitled to resentencing because the sentencing judge increased the statutory sentencing guidelines range in his case based upon facts which were not proven to a jury beyond a reasonable doubt, or admitted or stipulated to by the defendant, in violation of defendant's right to a jury trial.

The Michigan Court of Appeals denied Petitioner's appeal for "lack of merit in the grounds presented." *People v. Embery*, No. 256879, Order (Mich. Ct. App., Oct. 21, 2004). Asserting the same claims, Petitioner then moved in the Michigan Supreme Court for leave to appeal. The court denied Petitioner's request for leave to appeal, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Embery*, No. 127484, Order (Mich., June 30, 2005). On December 12, 2005, Petitioner submitted the present petition for writ of habeas corpus in which he asserts the same four claims identified above.

## STANDARD OF REVIEW

Embery's petition, filed December 12, 2005, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

(d)      An application for a writ of habeas corpus on behalf of a

> person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's

3

jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

## ANALYSIS

**I.         Sentencing Guidelines Claims - Habeas Claims II and III**

In the second and third claims of his petition for relief, Petitioner asserts that the trial court calculated his sentence based upon improperly scored sentencing guidelines. Specifically, Petitioner asserts that the trial court improperly calculated offense variables 7 and 10. Petitioner unsuccessfully objected at sentencing to the scoring of these two offense variables.

To the extent that Petitioner challenges the severity of his sentence, such fails to provide a basis for habeas relief. Michigan law provides that there must exist proportionality between an offense and the sentence therefor. *See People v. Milbourn*, 461 N.W.2d 1 (Mich. 1990). The Sixth Circuit has observed, however, that because the United States Constitution "contains no strict proportionality guarantee," a claim that the sentencing court violated Michigan's principles of proportionality is not cognizable on federal habeas review. *Lunsford v. Hofbauer*, 1995 WL 236677 at *2 (6th Cir., April 21, 1995) (citing *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991)); *McLemore v. Berghuis*, 2006 WL 2818799 at *24 (W.D. Mich., Oct. 2, 2006).

Moreover, the Eighth Amendment to the United States Constitution "does not require strict proportionality between crime and sentence." *United States v. Layne*, 324 F.3d 464, 473 (6th Cir. 2003) (quoting *Harmelin*, 501 U.S. at 1001). Instead, the Eighth Amendment simply forbids extreme sentences that are "grossly disproportionate" to the crime committed. *Layne*, 324 F.3d at 473. Considering the crime of which Petitioner was convicted, the sentence he received is in no way "grossly disproportionate" to the crime committed.

To the extent that Petitioner challenges the information on which his sentence was allegedly based, such likewise fails to warrant habeas relief. It has long been recognized that when

imposing sentence, "courts have broad discretion to consider various kinds of information." *United States v. Watts*, 519 U.S. 148, 151 (1997); *see also*, *Roberts v. United States*, 445 U.S. 552, 556 (1980) (a "fundamental sentencing principle" is that "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come").

As the *Watts* Court further observed, "[h]ighly relevant - if not essential - to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and circumstances." *Watts*, 519 U.S. at 151-52. Sentencing courts may even consider past criminal behavior which did not result in a conviction, or for which the defendant was never tried. *See Id.* at 152 (citations omitted); *Collins v. Buckhoe*, 493 F.2d 343, 345 (6th Cir. 1974) (citations omitted).

Sentences imposed on the basis of "misinformation of constitutional magnitude," however, may present grounds for habeas corpus relief. *Roberts*, 445 U.S. at 556 (citations omitted). To prevail on a claim that he was sentenced on the basis of such misinformation, Petitioner must establish that "the disputed information was materially false and that the trial court relied on the information." *United States v. Andrews*, 240 F.Supp.2d 636, 638 (E.D. Mich. 2003) (quoting *Buckhoe*, 493 F.2d at 345-46).

Petitioner asserts that in calculating his sentencing guideline score, offense variables 7 and 10 were improperly calculated and that the trial judge relied on such when determining his sentence. However, Petitioner has not demonstrated that these particular offense variables were improperly scored or based upon inaccurate information. Petitioner has likewise failed to establish that his sentencing guideline score was improperly calculated or based upon inaccurate information.

As the trial judge ruled at sentencing, the evidence of record supported the calculation of the offense variables at issue. (Sentencing Transcript, April 6, 2004, 3-4). Accordingly, these particular claims raise no issue upon which habeas relief may be granted.

II.         **Sentencing Guideline/Ineffective Assistance Claim - Habeas Claim I**

Petitioner asserts that in calculating his sentencing guideline score, the trial court improperly scored offense variable 4. Petitioner did not register any objection at sentencing, however, to the scoring of this particular offense variable. Petitioner challenges the scoring of offense variable 4 and, furthermore, asserts that his attorney's failure to object to this matter constitutes ineffective assistance of counsel.

Again, to the extent that Petitioner is challenging the severity of his sentence, such claim fails for the reasons detailed in the preceding section. To the extent that Petitioner is challenging the information on which his sentence was allegedly based, the Court notes that Petitioner has failed to establish that this particular offense variable was improperly scored or based upon inaccurate information. Thus, Petitioner cannot demonstrate that his sentencing guideline score was improperly calculated or based upon inaccurate information. Accordingly, this particular claim raises no issue upon which habeas relief may be granted.

Petitioner's claim of ineffective assistance of counsel likewise fails. To establish that he was denied the right to the effective assistance of counsel, Petitioner must first establish that his counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Accordingly, it must be demonstrated that counsel's actions were unreasonable under prevailing professional norms. *Id.*

at 688. In making this determination, however, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [Petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689. Petitioner must further establish that his attorney's performance was prejudicial in that it denied him a fair trial. *Id.* at 687. This is a heavy burden for Petitioner to meet, because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*), *cert. denied*, 113 S. Ct. 2969 (1993) (emphasis in original).

As previously discussed, Petitioner has presented no evidence that this particular offense variable was improperly scored or was calculated based upon inaccurate or improper information. Thus, Petitioner cannot establish that his attorney's failure to object to the scoring of this offense variable constituted deficient performance. The trial judge stated on the record that he was going to sentence Petitioner to a sentence in excess of the guideline range because of his multiple prior felony convictions. (Sentencing Transcript, April 6, 2004, 5-7). Petitioner has presented no evidence that he would have received a lesser sentence had his attorney objected to the scoring of this offense variable. Thus, even had Petitioner successfully objected to the scoring of this particular offense variable, the record contains no evidence suggesting that such would have resulted in a difference sentence. Petitioner has failed, therefore, to establish that he was denied the right to the effective assistance of counsel.

**III.        Blakely Claim - Habeas Claim IV**

The United States Supreme Court has held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely v. Washington*, 542 U.S. 296, 301 (2004) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Petitioner asserts that his sentence violates this rule because the trial court, in fashioning his sentence, relied upon facts which were neither admitted nor proven beyond a reasonable doubt. The Court disagrees.

In *Blakely*, the defendant pleaded guilty to second degree kidnaping involving domestic violence and use of a firearm. *Blakely*, 542 U.S. at 298-99. In so doing, Blakely admitted "the elements of second-degree kidnaping and the domestic-violence and forearm allegations, but no other relevant facts." *Id.* at 299. Washington law provided that the "standard range" to which a defendant, convicted of this particular offense, could be sentenced was 49-53 months. However, the sentencing court was permitted to impose a sentence in excess of the "standard range" if it found "substantial and compelling reasons justifying an exceptional sentence." Before imposing an "exceptional sentence," the sentencing court was required to "set forth findings of fact and conclusions of law supporting it." *Id.*

The State recommended that Blakely receive a "standard range" sentence of 49-53 months. *Id.* at 300. The sentencing court rejected this recommendation, however, and, finding that Blakely acted with "deliberate cruelty," imposed an "exceptional" sentence of 90 months. *Id.* at 300-01. As the *Blakely* Court recognized, under Washington law, the court "could not have imposed the exceptional 90-month sentence solely on the basis of the facts admitted in the guilty plea," but instead could do so only based on the court's additional determination that Blakely acted with

"deliberate cruelty." *Id.* at 304. The Court held, therefore, that this sentence violated Blakely's Sixth Amendment right to trial by jury because it was predicated on facts that were neither admitted by Blakely nor found by a jury. *Id.* at 301-05.

The *Blakely* Court, however, made clear that its holding applied only to "determinate-sentencing schemes" such as that employed by the State of Washington. *Id.* at 308-09. The Court recognized that *indeterminate* sentencing schemes do not run afoul of the Constitution because while such schemes may sanction "judicial discretion" in sentencing, they do not accomplish such "at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty." *Id.* at 308-09. As the Court recognized:

> Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal *right* to a lesser sentence - and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is *entitled* to no more than a 10-year sentence - and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

*Id.* at 309.

As is well recognized, the State of Michigan employs an indeterminate sentencing scheme. *See, e.g., Gray v. Bell*, 2007 WL 172519 at *3 (W.D. Mich., Jan. 19, 2007); *Cordell v. Warren*, 2007 WL 4287543 at *4 (E.D. Mich., Dec. 5, 2007). Petitioner pleaded guilty to committing armed robbery. Pursuant to Michigan law, a person convicted of armed robbery may be sentenced to prison "for life or for any term of years." Mich. Comp. Laws § 750.529. Thus, when

10

Petitioner committed (and pleaded guilty to) the crime of armed robbery he knew he risked spending the rest of his life in jail. The fact-finding in which the sentencing court engaged in this matter was relevant to a determination of the *recommended* sentence under the state's sentencing guidelines. That the court chose to depart from the recommended sentence is of no consequence in this matter because the fact of Petitioner's conviction authorized the imposition of the sentence imposed, without the necessity of the sort of additional fact finding that was found unconstitutional in *Blakely*. Thus, Petitioner's claim that he was improperly sentenced on the basis of facts found by the trial court rather than a jury is without merit.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Embery's petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: April 3, 2008
        /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge